UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

DAVID GREEN
DAVID RUFF
LADIZYA TILLMAN
DAIJOUR McFEE
LADAVEON McFEE
DAKEDRA JONES
DEBRA BAILEY ON BEHALF OF
HER MINOR CHILD JB

Plaintiffs

v.                                                                                    CASE NO.

CITY OF MONROE,
MONROE CITY COUNCIL
MAYOR FRIDAY ELLIS
CHIEF VICTOR ZORDON                                         JUDGE TERRY DOUGHTY
MONROE POLICE DEPARTMENT
OCHSNER'S HEALTH LSU MONROE
BRFHH MONROE,LLC
SHERIFF JAY RUSSELL
OFFICER JONATHAN DANIELS
OFFICER LAWRANCE MOORE
OFFICER RUSSELL McCALL
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES,
AND THEIR INSURANCE COMPANIES, XYZ
AND QRS                                                                 MAGISTRATE JUDGE
            Defendants                                                  KAYLA D. McCLUSKY

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

TO THE HONORABLE, JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, MONROE DIVISION:

The Complaint of DAVID GREEN, DAVID RUFF, LADIZYA TILLMAN, DAKEDRA JONES, DAIJOUR McFEE, LADAVEON McFEE, DEBRA BAILEY TUTRIX on behalf of her minor child JB, the legal,

1

**biological, and duly acknowledged children of decedent David Harris, who are domiciled in Ouachita Parish, State of Louisiana, appearing herein by and through undersigned counsel brings this civil action against City of Monroe, Mayor Friday Ellis, Chief Victor Zordan, Ochsner Health LSU Monroe and it's XYZ insurance company, Jay Russell Sheriff of Ouachita Parish individually and in his official capacity, Ouachita Correctional Center, Officer Jonathan Daniel, Officer Russell McCall, Lawrance Moore and the XYZ Deputies individually, and in their official capacities, and their Insurance Companies QRS for violations of Plaintiffs' constitutional rights, the details of which are set forth herein below. This civil rights action seeks damages against Defendants for committing acts under color of state law, and depriving Plaintiffs of rights secured by the constitution and law of the United States.**

### A.

### Jurisdiction

**1. The Jurisdiction of this Honorable Court is invoked Pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 for violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. This Honorable Court has jurisdiction of this action under U.S.C. Section 1983, 28 U.S.C. 1343 and 28 U.S.C. Section 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims arising under state law pursuant to 28 U.S.C. Section 1367.**

**2. Jurisdiction against the governmental and individual defendants is conferred upon this Court by 28 U.S.C. Section 1331 (federal question) and 1343 (3) (civil rights). The state law claims for relief are within the supplemental jurisdiction of the court, pursuant to 28 U.S.C. Section 1367.**

**3. All the events referred to in this complaint occurred within the Western District of Louisiana, United States of America. Venue is proper in this Court.**

**4. Complainants' claims herein arises out of an incident involving City of Monroe, Mayor Friday Ellis, Monroe City Council ,Monroe Police Department, Ochsners Health LSU Monroe, BRFHH Monroe, LLC and it's insurance company XYZ, Jay Russell Sheriff of Ouachita Parish Sheriff's Office and it's Correctional Center herein after referred to as (0CC), Officers Jonathan Daniels, Russell McCall, Lawrance Moore and their insurance companies QRS in the State of Louisiana and within this Judicial district.**

## B.

## Parties

**5.    David Green, David Ruff, Ladizya Tillman, Dekedra Jones, Daijour McFee, Ladaveon McFee and Debra Bailey on behalf of her minor child JB are competent adults who brings this action , who are the legal, biological and duly acknowledge children of decedent, David Harris who died in the hands and custody of the defendants on April 3, 2021.  Decedent Harris provided financial**

support for the maintenance and support of his children. Complainants assert that their father David Harris was a good parent and always provided for his children, physically, mentally and spiritually.

6. Defendants, Mayor Friday Ellis and the City of Monroe and it's City Council are the governing authority, decisionmakers/policymakers for the City of Monroe a municipality operating pursuant to the laws of the State of Louisiana, customs, usage deprived Plaintiffs of rights secured by the United States Constitution, in violation of 42 U.S.C. Section 1983. They are being sued in their official capacities. Defendant Victor Zordon is the chief of police for the Monroe City Police department is the governing authority ,decisionmakers/policymaker for the Monroe Police department. He is being sued individually and his official capacity.

7. Defendant Ochsners Health LSU Monroe/BRFHH Monroe, LLC an acute general hospital operated a Security/Police division pursuant to the laws of the State of Louisiana, custom, usage deprived plaintiffs of rights secured by the United States Constitution, in violation of 42U.S.C. Section 1983.

8. Defendant Sheriff Jay Russell is the governing authority, decision maker/policy maker for the Ouachita Parish Sheriff's Office and his insurance company doing business in the State of Louisiana oversees and manages Ouachita Correctional Center operating pursuant to the laws of the State of Louisiana, custom and usage deprived Plaintiffs of rights secured by the United

States Constitution , in violation of 42U.S.C. Section 1983. He is being sued individually and in his official capacity.

9. Defendant Jonathan Daniels who is employed by City of Monroe Police Department is a person of full age of majority, domiciled in Ouachita Parish. He is being sued individually and in his official capacity.

10. Defendants Lawrance Moore and Russell McCall both employed on April 3, 2021, by Ochsner Health LSU Medical Center/BRFHH Monroe, LLC, are persons of full age of majority, domiciled in Ouachita Parish. They are both being sued individually and in their official capacity.

11. XYZ Insurance Company, an insurance company authorized to do and doing business in the State of Louisiana providing general liability coverage for Ochsner Health LSU Monroe Medical Center/BRFHH Monroe, LLC.

12. QRS Insurance Company, authorized to do and doing business in the State of Louisiana providing EXCESS LIABILITY COVERAGE to the Ouachita Parish Sheriff Office, its agents, and the Parish of East Feliciana.

13. ABC Insurance Company authorized to do and doing business in the State of Louisiana providing general liability and excess liability to Jonathan Daniels, Lawrance Moore and Russell McCall as members for any and all acts and damages occurring from this incident.

14. THIS PETITION PUTS ON NOTICE ANY EXCESS POLICY COVERING THE PARISH OF OUACHITA SHERIFF OFFICE, SHERIFF

**JAY RUSSELL, ANY EMPLOYEE OF THE OUACHITA PARISH SHERIFF OFFICE, AND ANY POTENTIAL UNION POLICY COVERING THE INDIVIDUAL SHERIFF DEPUTIES AND CITY OF MONROE POLICE OFFICER AND OCHSNER HEALTH LSU MONROE/BRFHH MONROE,LLC NAMED INDIVIDUALLY IN THIS SUIT.**

### C.

### Facts

**15.** On April 3, 2021, Defendant Jonathan Daniel with the City of Monroe Police Department observed David Harris walking in the middle of the street holding up traffic. Daniel ordered decedent Harris to go to the rear of his unit and put his hands on the trunk in order to get his identification. Harris complies as he was talking to officer Daniel Harris takes his hands off the trunk and immediately Daniel detains him with handcuffs behind the back. Daniel then places decedent Harris in the rear of the police unit. Daniel was advised by some family members of decedent Harris that Harris suffers from mental illness and to take him to the hospital for treatment.

**16.** Daniel takes Harris to Ochsner LSU Health Monroe; however, Harris refuses to get out of the car. Daniel reaches into the vehicle and attempted to take hold of Harris clothing. Harris jerks away and moves to the other side of the unit. Daniel takes out his taser and holds it up and cycles it at Harris. Harris becomes afraid and refuses to get out of the car by holding on to the back seat as Daniel attempts to drag him out.

17. Harris is then removed by Daniel and two of LSU officers Moore and McCall and thrown to the ground. As Harris is on the ground Moore held the back of his neck and Harris complains about the pressure on his neck. Harris is on the ground yelling help. Harris is directed to get on the hospital stretcher which was brought outside by two nurses. Harris replies "alright move" and moves in a direction away from the stretcher as his hood to his sweatshirt is held by Daniel. Harris reluctantly moves toward the stretcher and resist getting on it. Daniel tasers Harris with a six second drive stun causing Harris to drop to the ground.

18. Defendant Daniel orders Harris to get up which he does while Daniel holds his shirt; Harris pulls away and is tasered again by Daniel and falls to the ground. While Harris is on the ground the officer from LSU tasered him .

19. In light of the fact the nurses are there with the restraint stretcher to take Harris inside the hospital, Daniel advised them that "they were going to OCC" and not to worry about admitting him in the hospital. He also advised the LSU officers "to forget the bed." Decedent Harris is still on the ground when Daniel tasered him again. Harris clothes are removed.

20. Another Monroe Police Officer Ashley Griffin arrives and places a hobble on Harris legs. Harris at this time informed the officers that he could not breath. He was rolled over on his side and blood could be seen on the concrete oozing from decedent Harris forehead.

21. Decedent Harris is placed in the back of the unit for transport to OCC hobbled to the rear driver side door while having problems breathing. In spite of being at the hospital Harris was never taken inside the hospital.

22. Upon arrivals at OCC decedent Harris was taken inside and held up by a deputy sheriff ; he was observed drooling by the nurses of OCC who then took his pulse which was faint and blood pressure but could not get a reading subsequently succumbed to death.

23. Autopsy was conducted and determined that decedent Harris had two areas of Blunt force trauma to the Back of the neck. With the cause of death being a homicide.

D.

### General Allegations on Policy and Practice

24. Plaintiff is informed and believe, and on the basis of such information and belief allege, that Defendants CITY OF MONROE, MONROE CITY COUNCIL, MAYOR FRIDAY ELLIS, CHIEF VICTOR ZORDON, OCHSNER HEALTH MEDICAL CENTER LSU MONROE, BRFHH MONROE LLC and the SHERIFF JAY RUSSELL ,OUACHITA PARISH SHERIFF OFFICE, supervisors are decision/policy makers, acted with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional statutory rights of the decedent, complainant, and all persons similarly situated, maintained, enforced tolerated, permitted,

**acquiesced in, and applied policies, practices, or customs and usages of among other things,**

> **a. Allowing officers/ deputies to Subject people to unreasonable use of force against their persons;**
>
> **b. Failing to properly hire, supervise, train and/or inadequately train their officers;**
>
> **c. Failing to implement appropriate policies and procedures to address and correct repeatedly use of excess force; in light of the fact that on numerous occasions commencing with William Henderson, a known but unnamed Juvenile at the Pecan land mall Timothy Williams prior to April 3, 2021, Monroe police officers used excessive/deadly force on individuals posing no threat to them or the public.**
>
> **d. Failing to follow appropriate policies and procedures of their respective office;**
>
> **e. Selecting, retaining, and assigning employees with demonstrable propensities for excess force, violence, negligence and other misconduct; For the aforementioned reasons asserted in above paragraph E.**
>
> **f. Condoning and encouraging officers in the belief that they can violate the rights of persons such as the decedent in this action**

with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

g. Failed to train officers in the Constitutional limitations regarding the use of excessive force when apprehending individuals with mental illness and substance abuse issues; failed to adequately train officers on the use of tasers on individuals that are suffering from mental illness or substance abuse issues , how to properly evaluate levels of mental illness or substance abuse issues. Defendants' training policies and procedures and/or failure to train was inadequate, and the Defendants' failure to train/inadequate training was the moving force that caused the violations of Plaintiff's rights, and the Defendants were deliberately indifferent in their failure to train their officers in light of known uses of unlawful physical force and violence in the past against other citizens which placed Defendants' on actual knowledge and/or constructive knowledge of a need to train their officers on lawful and constitutional uses of force. Clearly, if Defendants Officers' used unlawful physical force against other citizens in the past, it was forseeable that their officers would use unlawful/unconstitutional uses of force again. Defendants were deliberately indifferent to the danger their officers posed to persons and failed to adequately train them and supervise them.

>Defendants failed to supervise and/or train them, even after the use of excessive force on Timothy Williams.

Complainants are informed and believe, on the basis of such information and belief allege, that the entity defendants and their decision/policy makers ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usage as set forth in the foregoing paragraphs.

Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security and rights of complainant and the decedent as described in the aforementioned paragraph.

### E.

### Allegations Regarding Damages

25. Complainants have lost the financial support from decedent, decedent's love, comfort, society, consortium, care, affection, support and has sustained emotional distress in amount in accordance with the proof. The Decedent sustained general damages, including the loss of enjoyment of his life in an amount in accordance with the proof.

26. The conduct of all Defendants was willful, intentional, malicious, oppressive and in reckless disregard for the constitutional rights of the

complainant and decedent, thus justifying punitive damages in accordance with the proof.

## F.

### FIRST CLAIM for Relief

**(42 U.S.C. 1988- Wrongful Death)**
(All portions of the Complaint are incorporated herein by reference)

27. Defendants, acting under of color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth, and Fourteenth Amendments to the Constitution, by among other things, subjecting the decedent to excessive force and the aforementioned acts thereby causing his death.

28. The foregoing wrongful acts of defendants caused the death of the decedent.

29. Complainants are the proper parties with standing pursuant to La. C.C. Art. 2315.2 A(1) (incorporated herein by virtue of 42. U.S.C. § 1988), to pursue remedies for wrongful death, including pecuniary loss and other compensable injuries resulting from loss of society, loss of consortium, comfort, love, affection, attention, care, services, and loss of earnings and future earnings and support of the decedent.

**30.** In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless disregard for the constitutional rights of decedent and complainant. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against Defendants, in an amount adequate to punish the wrongdoers and deter future misconduct.

### G.

### Second Claim for Relief

**(42 U.S.C. 1983-Survival Action)**

**(All portions of the Complaint are incorporated herein by reference)**

**31.** Defendants, acting under of color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth, and Fourteenth Amendments to the Constitution, by among other things, subjecting the decedent to excessive force and the aforementioned acts thereby causing his death. In addition, subjecting decedent to cruel and unusual punishment.

**32.** Complainants are the proper parties with standing pursuant to La. C.C. Art. 2315.1 A(2) (incorporated herein by virtue of 42. U.S.C. § 1988), to pursue their remedies for the foregoing claim which arose in the decedent's favor, and the decedent would have been the complainant with respect to this claim for relief had he survived.

**33.** The foregoing wrongful acts of defendants' caused the death of the decedent.

**34.** As a proximate result of the foregoing wrongful acts of the defendants, and each of them, the decedent sustained general damages, including pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount in accordance with proof.

**35.** In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of decedent. The wrongful acts, of each of them, were willful, oppressive, fraudulent, malicious, and cruel, thus warranting the award of punitive damages against Defendants, in an amount adequate to punish the wrongdoers and deter future misconduct.

## H.

## Third Claim for Relief

### State Law Claims

### (La. C.C. Art. 2315 and 2317)

(All Portions of the Complaint are incorporated herein by reference)

**36.** The United States Constitution, Amendment IV, and the Louisiana Constitution, Article 1, § 20 guarantees the right of persons to be free from excessive force. Both constitutions guarantee the right for decedent to be free from excessive force. Defendants, by engaging in the wrongful conduct alleged

herein, denied these rights to decedent and complainant, thus giving rise to claims for damages pursuant to La. C.C.Art. 2315 and 2317.

37. As a direct and proximate cause of the aforementioned acts of defendants, decedent and complainant were injured as set forth above, and are entitled to compensatory and general damages under La.C.C. Art.2315 and 2317, et seq according to proof.

FAULT BY DEFENDANTS:

 A. Defendants and their supervisors were the employers of Defendants Daniels, Moore, McCall and the Ouachita Parish Sheriff's deputies at OCC who were acting within the course and scope of their employment and within the ambit of their assigned duties as officers and deputies handling an individual with mental illness and /or substance abuse tasers him and causes blunt force trauma to his head and neck causing him to die without just cause are liable for their state law torts pursuant to the doctrine of *respondeat superior* which doctrine is specifically plead herein.

 B. Pursuant to La. Civil Code 2315 and 2317, complainants assert state tort action against defendants' officers and deputies. The actions of the officers and deputies in not providing the appropriate medical care in light of the fact the purpose of taking him to the hospital was for that very purpose. Instead he was tasered in the parking lot of the hospital, decedent was thrown to the ground, decedent stated he could

**not breath and still was not provided medical care by the officers and deputies while at the hospital in the parking lot instead he was taken to jail . Upon arrival at the jail decedent Harris had a faint pulse, no blood pressure readings; was drooling with a stare immediately died.**

**C.     The actions of Defendants , constituted fault under La. Civil Code 2315 and 2317 which entitles complainants to assert this tort action.**

**D.     As a result of Defendants fault, complainants are entitled to recover damages for the losses complainants sustained as a result of Defendants vicarious liability (not the officers);  Officers McCall, Daniel, Moore and OCC's conduct, including but not limited to, past and future lost wages and/or pain and suffering, loss of enjoyment of life, mental anguish and emotional damages, loss of consortium, and all other damages that may be established at trial.**

**E.      Defendants City of Monroe, Ochsner Medical/Center Health LSU Monroe/BRFHH Monroe LLC and the Ouachita Parish Sheriff's Office/ Sheriff Jay Russell, OCC and supervisors were the employers of of the Officers and Deputies  had a duty to properly train and supervise Defendants Daniel, Moore, McCall and the deputies at OCC .**

**F.     Upon information and belief, Defendants and supervisors failed to properly and/or inadequately train the officers and deputies on, among other things, use of force. In particular, Defendants and supervisors failed to train officers on the constitutional limitations**

16

**regarding the use of excessive force to apprehend a mental ill/ or substance abuse subject. By failing to train officers, the harm suffered by decedent Harris was predictable.**

**G. Inadequately training, controlling, assigning and disciplining deputies especially knew, and in the exercise of reasonable care, should have known, had the dangerous propensities and character traits for abusing their authority and for using excessive force.**

**H. Failed to train deputies how to deescalate a situation when a subject is suffering from mental illness/ or substance abuse.**

38. **By virtue of the foregoing, defendants owed decedent and complainants a duty of due care, and that duty was breached in that defendants' negligence and failure to exercise due care in dealing with the decedent proximately caused his death.**

39. **Defendants and supervisors were negligent in hiring deputies with traits that caused the death of decedent Harris.**

40. **As a direct and proximate cause of the aforementioned acts of defendants, decedent was injured and died , as set forth above, and complainants are entitled to compensatory and general damages according to proof.**

## I.

## Fourth Claim for Relief

### (Assault and Battery)

**41.** Defendant Officers assaulted and battered the decedent, injuring decedent.

**42.** As a direct and proximate cause of the aforementioned acts of defendants, decedent and complainants were injured as set forth above and are entitled to compensatory and general damages according to proof.

WHEREFORE, complainants pray for Judgment as follows:

(a) In each and every allegation and the Prayer in the.

(b) Compensatory general and special damages in accordance with proof;

(c) Costs of suit incurred herein;

On the First, Second, Third, and Fourth Causes of Actions:

(e) Punitive damages, reasonable attorney's fees and expenses of litigation;

## On All Causes of Actions

(f) Exemplary damages against the individual defendants in an amount sufficient to make an example of those defendants and to deter future misconduct.

(g) Plaintiff prays for a trial by Jury.

(h) For all statutory general and equitable relief herein the premises.

        **Respectfully submitted**

        **/s/ *Carol D. Powell-Lexing***
        **Carol D. Powell Lexing**
        **Law Office of Carol D. Powell Lexing**
        **& Associates (PLC)**
        **2485 Tower Drive, Suite 6**
        **Monroe, Louisiana 71201**
        **Telephone: 318-324-0700**
        **Facsimile: 318-324-0702**
        **Email: Legaldove2@yahoo.com**
        **Bar Roll No 21033**


        **/s/ Rick Candler**
        **Attorney at Law**
        **505 South Vienna**
        **Ruston, Louisiana 71270**
        **E:Mail:**
        **Bar Roll No 22750-LA**
        **Bar Roll No 24106789-TX**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint was filed electronically with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system on the 2nd day of April, 2022.

        **/s/ *Carol D. Powell Lexing*_____**
        **Carol D. Powell Lexing**