UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DAVID GREEN, ET AL.** | **CIV. ACTION NO. 3:22-00884** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CITY OF MONROE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss [doc. # 42] for lack of personal jurisdiction and insufficient service of process filed by Defendant, Sheriff Jay Russell. FED. R. CIV. P. 12(b)(2) & (5). The motion is opposed. For reasons detailed below, it is recommended that the motion be granted.

Background

On April 2, 2022, Plaintiffs David Green; David Ruff; Ladizya Tillman; Dakedra Jones; Daijour McFee; Ladaveon McFee; and Debra Bailey, as tutrix on behalf of her minor child, J.B. (collectively, "Plaintiffs"), filed the instant wrongful death and survival action pursuant to 42 U.S.C. §§ 1983 and 1988 against various law enforcement personnel and other entities to recover damages stemming from the April 3, 2021 death of their father, David Harris (hereinafter, "Harris"), following an encounter with law enforcement that ended in tragedy. (Compl.). Plaintiffs sued the following named Defendants, the City of Monroe (hereinafter, the "City"); the City Council; City Mayor, Friday Ellis, in his official capacity; City Chief of Police, Victor Zordan, individually and in his official capacity; City Police Officer Jonathan Daniel (sometimes spelled as "Daniels"), individually and in his official capacity; Ochsner Health LSU Monroe/BRFHH Monroe, L.L.C. (hereinafter, "LSU Health"); LSU Health employees,

Lawrance Moore and Russell McCall, individually and in their official capacities; Ouachita Parish Sheriff Jay Russell, in his individual and official capacities; plus several fictitiously named liability insurance carriers, XYZ, QRS, and ABC. *Id.*

Plaintiffs asserted two counts under 42 U.S.C. §§ 1983 and 1988 to recover compensatory and punitive damages against Defendants for excessive force in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. (Compl., ¶¶ 27-35). They also asserted a third count against Defendants under Louisiana Civil Code Articles 2315 and 2317 [sic] for negligence and respondeat superior liability. (Compl., ¶¶ 36-40). Finally Plaintiffs asserted a fourth claim for assault and battery against the Defendant officers. (Compl., ¶¶ 41-42). In their Prayer, Plaintiffs requested compensatory damages, punitive damages (as to all four claims), exemplary damages, plus reasonable attorney's fees and expenses. (Compl., Prayer).

On April 4, 2022, Plaintiffs filed their First Amended Complaint ("FAC") that closely tracked their original complaint, but added Defendants, Louisiana Department of Public Safety and Louisiana State University. *See* FAC [doc. # 2].

On April 6, 2022, the Clerk of Court issued Plaintiffs a deficiency because they had failed to file a cover sheet with their complaint, as amended. (Notice of Deficient Document [doc. # 3]). Plaintiffs, however, ignored the Notice. Accordingly, on May 4, 2022, the Court issued an order striking the complaint and closing the case. (May 4, 2022 Order [doc. # 5]). Almost two months later on June 29, 2022, Plaintiffs filed a motion to reinstate the case, which the court granted. [doc. #s 6-7].

When, by September 16, 2022, Plaintiffs had failed to file returns of service for numerous Defendants, including Sheriff Jay Russell, the Clerk of Court issued a Notice of Intent to Dismiss

2

("NID") for failure to perfect service. *See* NID [doc. # 17]. In response, Plaintiffs applied for and obtained an extension of time until November 13, 2022, within which to effectuate service. [doc. #s 24 & 29]. In its motion for extension of time, Plaintiffs represented that service had been made on Sheriff Jay Russell, and cited an "Attached Exhibit." [doc. # 24]. However, no exhibit was attached.

On January 19, 2023, the Clerk of Court again issued an NID for failure to perfect service on Sheriff Jay Russell and other Defendants. (NID [doc. # 38]).

On February 2, 2023, Plaintiffs again applied for an extension of time to serve two Defendants, but represented that they had served Sheriff Jay Russell on August 1, 2022, per an attached affidavit. (M/Ext. of Time [doc. # 41]). This time, Plaintiffs attached an affidavit submitted by Dewey Street, who stated that he "made service on Sheriff Jay Russell at Ouachita Parish Sheriff's Office on August 1, 2022, through his chief Marc Mashaw." (Street Aff.; M/Ext of Time, Exh. [doc. # 41-2]).

On February 8, 2023, Sheriff Jay Russell ("Russell") filed the instant motion to dismiss for lack of personal jurisdiction and insufficient service of process. According to Russell, service was insufficient for claims asserted against him in his official capacity because Plaintiffs did not serve Marc Mashaw with a copy of the Complaint. In addition, service was insufficient for claims asserted against him in his individual capacity because Plaintiffs did not purport to serve him personally at all. In support of the motion, Russell submitted a declaration from Marc Mashaw, who averred that he had no recollection of having been served in this matter by Dewey Street or by Carol Powell-Lexing. (Mashaw Decl.; M/Dismiss, Exh. C).

In the supporting memorandum, counsel for Russell explained that, on February 3, 2023,

3

another attorney in the case had advised him that Plaintiffs had filed Mr. Street's affidavit into the record. Immediately thereafter, counsel "contacted Marc Mashaw who unequivocally stated he had no recollection of having been served with the *Complaint* in this matter." (M/Dismiss, Memo., pg. 3). On February 3, 2023, counsel for Russell reached out to Plaintiffs' counsel and explained that Russell had no record of having been served with the Complaint, and that Mashaw had no recollection of being served. *See* Feb. 3, 2023 email from J. Wixom to C. Powell-Lexing; M/Dismiss, Exh. B. Plaintiffs' counsel replied to the email and attached a copy of the summons that was served on Mashaw. *See* Feb. 3, 2023 email from C. Powell-Lexing to J. Wixom; M/Dismiss, Exh. B. Curiously, however, the attached "Proof of Service" was executed by Plaintiffs' counsel, herself, rather than Dewey Street. (Proof of Service; M/Dismiss, Exh. A).

Accordingly, counsel for Russell sent a follow-up email to Plaintiffs' counsel stating that he was "confused" because the affidavit filed in the record stated that Dewey Street had served Russell through Marc Mashaw, but the document provided by Plaintiffs' counsel indicated that she had served Mashaw. (Feb. 3, 2023 email from J. Wixom to C. Powell-Lexing; M/Dismiss, Exh. B). Plaintiffs' counsel never responded to the email.

On March 1, 2023, Plaintiffs filed their response in opposition to the motion to dismiss. (Pl. Resp. [doc. # 46]). Plaintiffs argued that Dewey Street served Russell through his chief, Marc Mashaw, in accordance with Louisiana Code of Civil Procedure 1265. Plaintiffs' counsel explained that she did not personally serve Mashaw; rather, her new legal assistant inadvertently had stamped her name on the proof of service form. (Pl. Resp., pg. 2). Plaintiffs further emphasized that the fact that Mashaw does not recall being served some seven months ago does not negate the fact that Street served him on August 1, 2022. Alternatively, Plaintiffs requested a

4

hearing on the motion.  Finally, Plaintiffs argued that because Russell did not file a motion to make a special appearance for the purpose of challenging the sufficiency of service, he had waived his right to challenge service and personal jurisdiction.

Russell did not file a reply brief, and the time to do so has passed.  *See* Notice of Motion Setting [doc. # 44].  Accordingly, the matter is ripe.

## Discussion

### I.  Insufficient Service of Process

Russell seeks dismissal of Plaintiffs' claims against him for insufficient service of process and for lack personal jurisdiction stemming from the invalid service of process.  FED. R. CIV. P. 12(b)(5) & (2).  He contends that Plaintiffs did not perfect service against him for purposes of Plaintiffs' claims asserted against him in both his individual and official capacities.

a)   General Principles

A motion under Rule 12(b)(5) is proper to challenge the sufficiency of service.  When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service.  *Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).  "A signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence."  *People's United Equip. Fin. Corp. v. Hartmann*, 447 Fed. App'x. 522, 524 (5th Cir.2011) (citations and internal quotation marks omitted).

To qualify as satisfactory proof of proper service, a process server's affidavit should disclose certain essential facts, including the location where the defendant was served, the

documents that were served on the defendant, and whether a person of suitable age and discretion was served. *G&G Closed Circuit Events, LLC v. Narine*, Civ. Action No. 20-4271, 2021 WL 7906548, at *3 (E.D.N.Y. Dec. 13, 2021), *R&R adopted,* 2022 WL 950449 (E.D.N.Y. Mar. 30, 2022) (citing, *inter alia*, Charles Alan Wright & Arthur R. Miller, 4B *Fed. Prac. & Proc*. § 1130 (4th ed. 2019); *United States v. Kumar,* Civ. Action No. 19-0450, 2021 WL 7908019, at *3 (E.D.N.Y. Mar. 19, 2021), *supplemented,* 2021 WL 7908013 (E.D.N.Y. Mar. 29, 2021). Thus, proper proof of service should detail that copies of the summons *and* the complaint were served on the appropriate person. *See Hartmann, supra*.[1]

"The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions." *Walk-On's*, 2020 WL 2404911, at *1 (citations omitted). Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Landry v. Garber*, Civ. Action No. 19-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *R&R adopted*, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc*., 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co*., 484 U.S. 97,

---

[1] Indeed, under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Serving the summons or a copy of the complaint, without the other, renders service invalid. *See Walk-On's, supra*; *Styles v. McDonalds Rest*., No. 17-0791, 2019 WL 2266636, at *3–4 (E.D. Tex. Jan. 28, 2019), *R&R adopted*, 2019 WL 1219117 (E.D. Tex. Mar. 15, 2019); *see also Aerielle Techs., Inc. v. Procare Int'l Co*., No. 08-0284, 2011 WL 767775, at *2 (E.D. Tex. Feb. 28, 2011) (citation omitted) ("Although strict conformity with Rule 4's provisions is not required in every instance . . . actual receipt of both the summons and the complaint is a base requirement.")). A failure to provide defendant with a copy of the complaint violates Rule 4(c). *Thrasher v. City of Amarillo*, 709 F.3d 509, 510 (5th Cir. 2013).

104 (1987).

    b)    <u>Waiver</u>

Without citation to any authority, Plaintiffs contend that Russell waived his right to contest personal jurisdiction because he did not file a motion to make a special appearance. However, Russell stated in his motion that he was appearing solely for purposes of this motion. *See* Motion. Furthermore, Rule 12(h)(1) of the Federal Rules of Civil Procedure addresses waiver of defenses available under Rule 12(b)(2)-(5). Plaintiffs, however, neither allege, nor establish that the specified circumstances for waiver under Rule 12(h)(1) are present here. Accordingly, the court finds no support for Plaintiffs' argument.

    c)    <u>Official Capacity Claims</u>

A plaintiff may effect service on a state or local governmental entity by "delivering a copy of the summons and of the complaint to its chief executive officer; or . . . serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." FED. R. CIV. P. 4(j)(2)(A)-(B). Under Louisiana law, service on a political entity such as a sheriff can be "made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion." LA. C. CIV. P. ART. 1265.

As stated above, Plaintiffs purported to serve Sheriff Russell, in his official capacity, via his chief, Marc Mashaw. *See* Dewey Street Affidavit. However, Mashaw denies any recollection of being served by Mr. Street or Ms. Powell-Lexing. *See* Marc Mashaw Declaration. (Proof of Service [doc. # 11]). Consequently, it devolves upon Plaintiffs to establish proof of service. In his affidavit, Mr. Street stated only that he "made service" on

7

Russell through Marc Mashaw. The affidavit, however, is conclusory and does not specify that Mr. Street served Mashaw with the summons *and* a copy of the Complaint. Therefore, Plaintiffs have failed to show that Russell was properly served, in his official capacity. *See Columbia Pictures Indus., Inc. v. Cap King*, Civ. Action No. 08-4461, 2010 WL 1221457, at *2 (E.D.N.Y. Mar. 29, 2010) (marshal's return, which stated only that the marshal had delivered "civil" process was insufficient to show that the marshal had served defendants with a summons and complaint).[2]

    d)    <u>Individual Capacity Claims</u>

Service upon a defendant, sued in his individual capacity, must be perfected pursuant to Rule 4(e),[3] which provides that,

> [u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> **(1)**    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)**    doing any of the following:
>
>     **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>
>     **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

---

[2] Although Plaintiffs requested a hearing, one is not necessary because Plaintiffs failed to make a prima facie showing of proper service.

[3] *Dougherty v. Dupes*, Civ. Action No. 17-1541, 2018 WL 1696651, at *5 (M.D. Pa. Apr. 6, 2018).

> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

In response to Russell's motion, Plaintiffs have not argued, let alone shown that Russell was served personally or that a copy of the original or amended complaint was left at Russell's dwelling or usual place of abode with someone of sufficient age and discretion. *See* FED. R. CIV. P. 4(e)(2)(A)-(B). Plaintiffs also did not establish that they perfected service against Russell, in his individual capacity, in accordance with Louisiana law. *See* FED. R. CIV. P. 4(e)(1) and LA. CODE CIV. P. ARTS. 1232-1235. "Service on a police department, other officers or police station staff is generally insufficient to effect service on a police officer sued in his individual capacity." *Brown v. Lafayette City-Parish Consol. Gov't*, Civ. Action No. 13-2436, 2014 WL 1212699, at *1 (W.D. La. Feb. 28, 2014) (collecting cases).

Moreover, in response to Russell's motion challenging the sufficiency of service, Plaintiffs did not prove that Russell's chief, Marc Mashaw, was designated by law to accept service on behalf of Russell for claims asserted against him in his individual capacity. *See* FED. R. CIV. P. 4(e)(2)(C). In any event, Plaintiffs did not show that Mashaw was served with a copy of the summons and the Complaint. *See* discussion, *supra*.

Ultimately, Plaintiffs do not argue that they properly served Russell for purposes of their claims against him in his individual capacity. Instead, they cite Louisiana Code of Civil Procedure Article 1265, which provides that service "on any political subdivision . . . is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion." LA. CODE CIV. P. ART. 1265. By its terms,

9

however, Article 1265 contemplates service for purposes of the political subdivision, not for individual capacity claims.

Further, even if Plaintiffs had served Russell, in his official capacity, that does not equate to service for the purpose of Plaintiffs' individual capacity claims against him. Rather, "where a defendant is sued in both his individual and official capacities, . . . the defendant is entitled to receive service of process in both capacities. Service in one capacity does not confer jurisdiction over the other capacity, even though the defendant is fully aware of the suit." *Cheeks v. Belmar*, 331 F.R.D. 499, 504 (E.D. Mo. 2019) (citations and internal quotation marks omitted); *Monte Nido Missouri LLC v. St. Louis Cty., Missouri*, Civ. Action No. 20-1491, 2020 WL 6703289, at *1 (E.D. Mo. Nov. 13, 2020) (plaintiff sued defendant in official and individual capacities, but only served him in official capacity); *Ruiz v. Rhode Island*, Civ. Action No. 16-507, 2018 WL 514539, at *2 (D.R.I. Jan. 22, 2018) ("effecting service on someone in his official capacity does not ipso facto do so in his individual capacity, and vice versa") (citations omitted).

e) <u>Dismissal</u>

A district court "enjoys broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). Further, dismissal for insufficient service of process is generally not appropriate unless there is no reasonably conceivable means of acquiring jurisdiction over the party. *IntelliGender, LLC v. Soriano*, Civ. Action No. 10-0125, 2011 WL 903342, at *4–5 (E.D. Tex. Mar. 15, 2011) (citing, *inter alia*, *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir.1959)).

However, under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." FED. R. CIV.

P. 4(c)(1). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Nevertheless, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

This case is over one year old and continues to be plagued by service deficiencies. Furthermore, Plaintiffs have not shown good cause to support perpetual forbearance. Accordingly, the court finds that dismissal is warranted, unless Plaintiffs redress their proof of service shortcomings with additional evidence submitted together with their objection to the instant report and recommendation.[4]

## II. Lack of Personal Jurisdiction

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350; 119 S.Ct. 1322, 1327 (1999) (citation omitted). Similarly, "[b]efore a federal court may exercise personal jurisdiction over a

---

[4] Alternatively, during the objection period, Plaintiffs could properly perfect service on Russell in his official and individual capacities and present that evidence to the district judge.

11

defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104; 108 S.Ct. 404, 409 (1987).

Here, Plaintiffs did not properly serve Russell in his individual and official capacities. Accordingly, the court lacks personal jurisdiction to entertain Plaintiffs' claims against Russell. FED. R. CIV. P. 12(b)(2).

## Conclusion

For the above assigned reasons,

IT IS RECOMMENDED that the motion to dismiss [doc. # 42] filed by Defendant, Sheriff Jay Russell, be GRANTED, and that Plaintiffs' individual and official capacity claims against Defendant Sheriff Jay Russell be dismissed, without prejudice, for lack of personal jurisdiction and insufficient service of process. FED. R. CIV. P. 12(b)(2) & (5).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 9th day of June, 2023.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE
