UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DAVID GREEN, ET AL.** | **CIV. ACTION NO. 3:22-00884** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CITY OF MONROE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions to dismiss: a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which can be granted [doc. # 55] filed by Defendant, Ouachita Correctional Center; and a motion to dismiss for lack of personal jurisdiction, insufficient service of process, and for failure to state a claim upon which relief can be granted [doc. # 61] filed by Defendant, State of Louisiana, through the Department of Safety and Corrections. FED. R. CIV. P. 12(b)(2), (5)-(6). The motions are unopposed. For reasons detailed below, it is recommended that the motions be granted, as modified.

## Background

On April 2, 2022, Plaintiffs David Green; David Ruff; Ladizya Tillman; Dakedra Jones; Daijour McFee; Ladaveon McFee; and Debra Bailey, as tutrix on behalf of her minor child, J.B. (collectively, "Plaintiffs"), filed the instant wrongful death and survival action pursuant to 42 U.S.C. §§ 1983 and 1988 against various law enforcement personnel and other entities to recover damages stemming from the April 3, 2021 death of their father, David Harris, following an encounter with law enforcement that ended in tragedy. (Compl.). Plaintiffs asserted two counts under 42 U.S.C. §§ 1983 and 1988 to recover compensatory and punitive damages against

numerous parties for excessive force in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. (Compl., ¶¶ 27-35). They also asserted a third count under Louisiana Civil Code Articles 2315 and 2317 [sic] for negligence and respondeat superior liability. (Compl., ¶¶ 36-40). Finally Plaintiffs asserted a fourth claim for assault and battery against certain officers. (Compl., ¶¶ 41-42). In their Prayer, Plaintiffs requested compensatory damages, punitive damages (as to all four claims), exemplary damages, plus reasonable attorney's fees and expenses. (Compl., Prayer).

On April 4, 2022, Plaintiffs filed their First Amended Complaint ("FAC") that closely tracked their original complaint, but added, *inter alia*, Defendant, Louisiana Department of Public Safety (hereinafter, "DPSC"). *See* FAC[1] [doc. # 2]. The FAC, like the original complaint, also suggested that the Ouachita Correctional Center ("OCC") was a Defendant in the matter.

Almost one year later, on March 29, 2023, putative Defendant, OCC, filed the instant motion to dismiss for failure to state a claim upon which relief can be granted on the basis that it is not an entity capable of being sued under Louisiana law.

On April 18, 2023, Defendant, DPSC, filed the instant motion to dismiss for lack of personal jurisdiction, insufficient service of process, and for failure to state a claim upon which relief can be granted.

---

[1] An "amended complaint supersedes the original complaint and renders it of no legal effect, unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)). Here, the FAC reasserted the allegations from the original complaint and added two parties. Therefore, the sole, operative complaint before the court is the amended complaint, to which the court will apply the arguments raised by the motions to dismiss.

2

Plaintiffs did not file a response to either motion, and the time to do so has passed. *See* Notices of Motion Setting [doc. #s 56 & 62]. Accordingly, the motions are deemed unopposed. *Id*.

## Analysis

### I. Capacity to be Sued

The OCC (insofar as Plaintiffs intended to sue it as a distinct party) seeks dismissal from the case because it lacks the capacity to be sued. Under Federal Rule of Civil Procedure 17(b), "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). Thus, the law of Louisiana controls here. *See, e.g., Union Pac. R.R. Co. v. Taylor Truck Line, Inc.*, Civ. Action No. 15-0074, 2016 WL 7480504, at *3 (W.D. La. Oct. 31, 2016), *R&R adopted*, 2016 WL 7473776 (W.D. La. Dec. 28, 2016). To have the capacity to be sued under Louisiana law, an entity must qualify as a "juridical person." *Id.* (citing *Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2d Cir. 2006)). A "juridical person" is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE ART. 24. "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity." *Brown v. City of Alexandria*, Civ. Action No. 17-0798, 2018 WL 2425097, at *2 (W.D. La. May 29, 2018) (citations omitted).

The OCC is a parish corrections facility operated by the Ouachita Parish Sheriff. *Thomas v. Ouachita Corr. Ctr.*, Civ. Action No. 12-0687, 2012 WL 1856514, at *5 (W.D. La. May 1, 2012), *R&R adopted,* 2012 WL 1855366 (W.D. La. May 21, 2012) (citations omitted). The Fifth Circuit has recognized that the OCC is not a legal entity capable of being sued. *Guillot on behalf of T.A.G. v. Russell*, 59 F.4th 743, 751 n.5 (5th Cir. 2023). Accordingly, Plaintiffs' claims

3

against the OCC are subject to dismissal, with prejudice, on that basis. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 3114 (5th Cir. 1991) (affirming district court's dismissal of a defendant, with prejudice, because it could not be sued as an independent entity).

## II. Sovereign Immunity

The DPSC advanced several grounds for dismissal in its motion, including sovereign immunity. Because sovereign immunity presents a jurisdictional bar to suit, the court will limit its discussion to that argument. Furthermore, because sovereign immunity deprives the court of jurisdiction, the motion must be addressed under Rule 12(b)(1), not 12(b)(6). *See Shaikh v. Texas A&M Univ. Coll. of Med.*, 739 Fed. App'x. 215, 217 (5th Cir. 2018) (dismissal under Rule 12(b)(1) is appropriate if a claim is barred by state sovereign or Eleventh Amendment immunity) (citations omitted). Accordingly, the court will consider DPSC's sovereign immunity argument as a motion to dismiss for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 1 (court should construe the Rules to secure the just, speedy, and inexpensive determination of every action).

It is well settled that,

> [t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department. Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar. Section 1983 does not override the Eleventh Amendment bar.

*Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted); *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

The Eleventh Amendment bars suits for both money damages and injunctive relief against a state entity. *Darlak,* 814 F.2d at 1059. It also precludes federal courts from hearing state law claims brought in federal court against state entities. *Raj,* 714 F.3d at 329 (citing *Pennhurst State School*

4

*and Hospital v. Halderman*, 465 U.S. 89, 117, 104 S.Ct. 900 (1984)); *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997). The DPSC is a state agency subject to Eleventh Amendment protection. *Hanna v. LeBlanc*, 716 Fed. App'x. 265, 268 (5th Cir. 2017) (Dep't of Public Safety & Corrections); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999) (applying Eleventh Amendment immunity to § 1985 claim against the DPSC); *Dixon v. Barr*, Civ. Action No. 19-1471, 2021 WL 415811, at *4 (W.D. La. Feb. 5, 2021) (and cases cited therein).

In addition, it is manifest that § 1983 does not abrogate a state's sovereign immunity. *Hanna,* 716 Fed. App'x at 268; *Richardson,* 118 F.3d at 453; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309 (1989). Moreover, Louisiana has refused to waive its Eleventh Amendment immunity from suit in federal court. LA. R.S. § 13:5106(A) (providing that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991); *Raj,* 714 F.3d at 328; *Richardson,* 118 F.3d at 456. In fact, the State specifically invoked immunity via the instant motion.

In sum, the court lacks jurisdiction to proceed against the DPSC, and Plaintiffs' claims against said party are subject to dismissal, without prejudice. *Warnock v. Pecos Cnty, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

## Conclusion

For the above assigned reasons,

IT IS RECOMMENDED that the Rule 12(b)(6) motion to dismiss for failure to state a claim upon which can be granted [doc. # 55] filed by Defendant, Ouachita Correctional Center, be GRANTED, and that Plaintiffs' claims against said Defendant only be DISMISSED, with prejudice.  FED. R. CIV. P. 12(b)(6).

IT IS FURTHER RECOMMENDED that the Rule 12(b)(6) motion to dismiss [doc. # 61] filed by Defendant, State of Louisiana, through the Department of Safety and Corrections (named in the FAC, as the "Louisiana Department of Public Safety"), which the court has construed as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, be GRANTED, and that Plaintiffs' claims against said Defendant only be DISMISSED, without prejudice.  FED. R. CIV. P. 12(b)(1).

IT IS FURTHER RECOMMENDED that the motion to dismiss pursuant to Rules 12(b)(2) and (5) for lack of personal jurisdiction and for insufficient service of process [doc. # 61] filed by the State of Louisiana, through the Department of Safety and Corrections, be DENIED, as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 31st day of July, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE