UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DAVID GREEN ET AL**                          **CASE NO. 3:22-CV-00884**

**VERSUS**                                     **JUDGE TERRY A. DOUGHTY**

**CITY OF MONROE ET AL**                       **MAG. JUDGE MCCLUSKY**

<u>**MEMORANDUM RULING**</u>

Before the Court is a Motion for Reconsideration filed by Defendants, Officers Lawrence Moore ("Moore") and Russell McCall ("McCall") [Doc. No. 123]. Plaintiffs, David Green, David Ruff, LaDaizya Tillman, Dakedra Jones, Daijour McFee, Ladaveon McFee, and Debra Bailey, on behalf of her minor child, J.B. (collectively, "Green") did not oppose the Motion.

For the reasons stated below, the Motion is **GRANTED**.

**I.    FACTS AND PROCEDURAL HISTORY**

On one clear-skied sunny day, a man was seen wandering in the middle of a road. Just a few hours later, he tragically wound up dead. In short form, this is what happened. On April 3, 2021, Officer Jonathan Daniel ("Officer Daniel") of the City of Monroe's Police Department spotted David Harris ("Harris") walking in the middle of a street holding up traffic.[1] Officer Daniel quickly detained Harris and was advised by a passerby that Harris suffered from mental illness.[2] Officer Daniel then drove Harris to Ochsner LSU Health-Monroe for medical care.[3] However, Harris refused to

---

[1] [Doc. No. 2].
[2] [Doc. No. 101-2, p. 1].
[3] [Id.].

get out of the patrol car when they arrived at the hospital.[4] Two other police officers, Lawrence Moore and Russell McCall, came to aid Officer Daniel.[5] Harris was then forcibly removed from the vehicle, but continued to resist being put on the hospital stretcher.[6] Over the next twelve minutes, Harris was held down to the ground and tasered several times.[7] And the only known video footage of the incident came from a camera strapped to Officer Daniel's uniform. Though the hospital's medical staff were present at the scene, Harris was later carried back to the patrol car and transported to Ouachita Correctional Center, where he died shortly thereafter.[8]

On April 2, 2022, Harris' family—including David Green—filed suit against Officers Moore, McCall, and others, seeking recovery under 42 U.S.C. §1983, §1988, and Louisiana Civil Code Articles 2315 and 2317.[9] In the course of litigation, Green offered the expert opinion of Dr. William Anderson ("Dr. Anderson") in support of the position that Officers Moore and McCall caused Harris' death, an essential element of his claims. Dr. Anderson later testified that only a knee placed on the back of a neck with significant force could have caused Harris' fatal injuries.[10]

On January 3, 2025, Officers Moore and McCall filed a motion for summary judgment,[11] asserting that no genuine issue of material fact exists and that they are entitled to summary judgment as to: (1) any claims against them in their *official*

---

[4] [Id.].
[5] [Id.].
[6] [Doc. No. 110, p. 1].
[7] [Id., p. 2].
[8] [Id.].
[9] [Doc. Nos, 1, 2].
[10] [Doc. No. 101-3, p. 6].
[11] [Doc. No. 101].

capacities, (2) any wrongful death claims arising under §1983, and (3) any claims arising under Article 2315 of the Louisiana Civil Code.[12] Green opposed the Motion and argued that there is a genuine dispute of material facts as to those claims.[13]

The Court granted Moore and McCall's motion to the extent it sought to discard any claims against them in their *official* capacities and any claims against them seeking punitive damages, exemplary damages, and attorney fees under Article 2315 of the Louisiana Civil Code.[14] However, the Court denied Moore and McCall's motion to the extent it requested to discard Green's other claims pursuant to § 1983 and Article 2315.[15]

On March 18, 2025, Moore and McCall filed the pending Motion asking the Court to reconsider its prior judgment.[16]

## II. LAW & ANALYSIS

### A. Standard of Review

A motion for reconsideration "calls into question the correctness of a judgment." *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 478 (5th Cir.2004). In such instances, "amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

---

[12] [Id.].
[13] [Doc. Nos. 109, 110].
[14] [Doc. No. 121, p. 10].
[15] [Id.].
[16] [Doc. No. 123].

3

However, a motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478. And reconsideration of a decision "is an extraordinary remedy that should be used sparingly." *Id.* at 479.

### B. The Affidavits

The Court previously concluded that the bodycam footage—which Moore and McCall claimed exculpated them—failed to capture the entire interaction and left remaining the genuine question of whether the officers caused Harris' death. For those reasons, and after drawing all permissible inferences in Green's favor, the Court denied in part Moore and McCall's motion for summary judgment. However, Moore and McCall correctly point out that in addition to the bodycam footage, the officers also testified that they did not place their knees on Harris' neck. Green never rebutted or contradicted those affidavits. On that basis, Moore and McCall ask the Court to reconsider its prior ruling.

When a party fails to properly address another party's assertion of fact, the Court may: (1) give an opportunity to properly support or address the fact; (1) consider the fact undisputed for purposes of the summary judgment motion; (3) grant summary judgment if the motion and supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. Pro. 56(c).

Green had two opportunities to rebut Moore and McCall's affidavits. Those opportunities went unanswered. Since Green does not dispute Moore and McCall's sworn testimonies that they did not place their knee on Harris' neck, the Court will

4

consider that fact undisputed for purposes of Moore and McCall's motion for summary judgment. With that in mind, Green's remaining claims against Moore and McCall cannot survive summary judgment. According to Green's own medical expert, only a "hard knee to a prone individual" could have caused Harris' fatal neck injuries.[17] Since there is no dispute that Moore and McCall did *not* place their knees on Harris' neck, there is similarly no dispute that Moore and McCall did not cause Harris' death. Consequently, Green's remaining claims under § 1983 wrongful death and Article 2315 of the Louisiana Civil Code must be discarded.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Moore and McCall's Motion for Reconsideration [Doc. No. 123] is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendant's Motion for Summary Judgment [Doc. No. 101] is **GRANTED IN FULL**.

MONROE, LOUISIANA, this 8th day of April, 2025.

_____
Terry A. Doughty
United States District Judge

---

[17] [Doc. No. 101-3, p. 6].